█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD LEE GUERNSEY, Appellant.— REYNOLDS, J. This is an appeal from a judgment of conviction of the County Court, Cortland County, entered upon the appellant's being found guilty after trial. On the trial of appellant for burglary, third degree, and grand larceny, second degree, as a youthful offender, the People alleged that on the night of December 22, 1963 appellant participated with another youth and a juvenile in the theft from Burdick's Restaurant, McGraw, New York, of a quantity of liquor, cigarettes and coins of the value of over $400. It cannot be disputed that the crimes of burglary and grand larceny were committed by someone or that appellant was apprehended in Pennsylvania early the next afternoon in a car, reported as stolen to the Sheriff of Cortland County, in which were found several bottles of whiskey, several cartons of cigarettes and over $300 in coins. Appellant's main contention is that there is no corroboration of the testimony of the accomplices as to his participation in the crime as required by section 399 of the Code of Criminal Procedure. This contention has no merit. Such corroboration may be direct or circumstantial (*People* v. *Mullens,* 292 N. Y. 408) and is sufficient " if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth." (*People* v. *Dixon,* 231 N. Y. 111, 116.) Here it would seem sufficient to point out that appellant was apprehended in Pennsylvania in a car reported stolen from his brother, that he was still in the company of his accomplices, that the stolen articles were found in the car, and that appellant offered no explanation for his actions or possession of the stolen items (*People* v. *Munsey,* 15 A D 2d 980). Appellant contends, however, that there is no proof that the items found in the car were those stolen and that in any event they were discovered as a result of an illegal search and seizure. We can find no merit in either contention. Not only did an inventory of the items found in the car correspond almost exactly to the description of what was stolen given by the complainant but there is testimony that a number of coin wrappers containing half dollar pieces bore the complainant's stamp. As to the discovery of the goods, it was clearly an incident to a lawful arrest in connection with the reported theft of the car (Code Crim. Pro., § 177). Appellant also urges that reversal is mandated by the introduction into evidence of certain incriminating statements made by him after his apprehension. Since the trial court specifically asserted it did not base its decision on any such admissions and since there was no jury involved in the instant case (cf. *People* v. *Donovan,* 13 N Y 2d 148, 153–154), we need not meet this issue here. The conviction was amply warranted by the evidence. We find no reason to disturb the minimum sentence imposed, after consideration of the record

before the sentencing court. Judgment affirmed. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.